## MILLER v. BATES.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Day & Day, Cleveland, for Miller.

Boyd, Cannon, Brooks & Wickham, Cleveland, for Bates.

VICKERY, J.

**CONTRACTS.**

(150 C) Agreement for cancellation of contract for sale of land, requiring the return of money paid thereon from which purchaser withdrew before payment, held not to constitute a completed contract of cancellation, being nothing more than a pollicitation or an unaccepted offer, and was ended by non-compliance therewith by payment at proper time.

**REAL ESTATE.**

(510 C3) Purchaser, under contract for sale of land, being entitled to specific performance, in case something has turned up so that vendors have no longer control of the title, has right to an accounting or to receive value of property in question.

(510 C3) Where purchaser of land under contract withdrew from agreement for cancellation thereof before acceptance by vendors, he was entitled to an accounting, though vendors were unable to convey title by reason of having platted property and dedicated portion thereof to street in reliance on agreement for cancellation.

(Sullivan, PJ., and Levine, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

## MONROE v. SHRIVERS et.

Ohio Appeals, 5th Dist., Morgan Co.

Chas. H. Fouts, McConnellsville, for Monroe.

John Q. Lyne and M. E. Danford, McConnellsville, for Shrivers.

HOUCK, J.

**CONTRACTS.**

(150 I5) One is not incapacitated to make and execute a lease or deed merely because of advanced years or physical infirmities, unless such age and resulting infirmities impair his mental faculties until he is unable properly, intelligently, and fairly to protect his property rights.

**REAL ESTATE.**

(510 Dj) The same rules as to mental capacity apply to deeds and other written instruments, such as leases, as apply to wills.

(510 Dj) Where grantor has sufficient intellect to understand in a general way the nature, effect, and immediate consequences of transaction, and he consents to it, it is valid and binding, and cannot be set aside for lack of mentality.

(510 Dj) A deed will be declared void, where the evidence discloses that grantor lacked mental capacity to transact business or make deed.

(510 Dj) Generally, senility, eccentricity, or even partial impairment of mental faculties is not necessarily sufficient to incapacitate one to make a lease, deed, or other written instrument, if he has sufficient mental capacity to comprehend nature of transaction and protect his own interest.

(Shields and Lemert, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

## FERGUSON v. FRAZIER.

Ohio Appeals, 5th Dist., Delaware Co.

Ingalls, Landis & Selby, Columbus, for Ferguson.

F. M. Marriott, Jr., Delaware, for Frazier et.

HOUCK, J.

**COMMERCIAL PAPER.**

(120 F2) In action on note, burden was on defendants to establish material affirmative allegations of fraud in answer admitting execution, delivery, and nonpayment of note.

**FRAUD.**

(275 P) Where there was some evidence offered on each material affirmative allegation of fraud in answer, verdict for defendants in suit on note will not be set aside as against manifest weight of evidence.

**TRIAL.**

(590 W2) Questions of law are for the court, and questions of fact for jury.

(Shields and Lemert, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.